IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ALFRED SEWELL, )
Plaintiff, )
v. ) Civ. No. 09-988-SLR
HERTRICH PONTIAC BUICK CO., )
BUICK-GMC TRUCK CO., INC., )
Defendants. )

**MEMORANDUM ORDER**

At Wilmington this 3d day of August, 2010, having reviewed the materials in connection with defendant Hertrich Pontiac Buick Co.'s ("Hertrich")[1] motion to dismiss "Count IV" of plaintiff's complaint (D.I. 5);

IT IS ORDERED that Hertrich's motion is granted, as follows:

1. **Background.**[2] Plaintiff Alfred Sewell ("Sewell") is a 55-year-old Jamaican immigrant with a hearing disability who was hired by Hertrich as a car detailer in November 2007. (D.I. 13 at ¶¶ 7-10) During his employment, Sewell endured verbal and physical harassment stemming from his national origin, race, and disability. (*Id.* at

---

[1] Plaintiff also names Buick-GMC Truck Co., Inc. ("Buick-GMC") as a defendant, but Buick-GMC is not a party to the present motion and, apparently, no such corporate entity exists in connection with Hertrich. (D.I. 6 at 1 n.1)

[2] For purposes of the motion to dismiss, the facts as alleged in plaintiff's amended complaint (D.I. 13) will be taken as true. On May 27, 2010, this court approved a stipulation of the parties (D.I. 12) to allow amendment of the complaint in order to add a claim for discrimination pursuant to 42 U.S.C. § 1981. The stipulation provided that the amended complaint would not affect the present motion to dismiss. (*Id.*)

¶¶ 12-19) On June 18, 2008, Sewell was terminated from his employment. (D.I. 6, ex. B) Although the proffered reason for Sewell's termination was poor work performance (*id.*) and/or that he had stolen gas (D.I. 13 at ¶ 20), Sewell alleges his termination was the result of discrimination by his direct manager, Darryl Baldwin, and his general manager, Guy Winer. (*Id.* at ¶¶ 20-23) On September 28, 2008, Sewell filed a Charge of Discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 24) In the Charge of Discrimination, Sewell asserted allegations of discrimination and harassment based on national origin, race, and disability. (D.I. 6, ex. B) The EEOC issued a Notice of Right to Sue Letter on September 22, 2009. (D.I. 13 at ¶ 25; Ex. A)

2. Sewell filed the present action on December 23, 2009, and his amended complaint brought four counts alleging: (I) race and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et. seq.; (II) race and national origin discrimination under 42 U.S.C. § 1981; (III) disability discrimination under Title IV of the Americans with Disabilities Act ("ADA"); and (IV) retaliation "for having complained of discrimination and harassment."[3] (*Id.* at ¶¶ 28-39) Presently before the court is Hertrich's motion to dismiss "Count IV"[4] of retaliation for failure to exhaust administrative remedies, filed on January 21, 2010. (D.I. 5) This court has jurisdiction

---

[3] In the amended complaint (D.I. 13), Sewell does not note under which statute he is bringing his retaliation claim. However, he argues the retaliation claim under Title VII and the ADA in his answering brief to the present motion. (D.I. 14 at 5); *see* 42 U.S.C. § 2000e-3(a) (Title VII retaliation provision); 42 U.S.C. § 12203 (ADA retaliation provision).

[4] "Count IV" of Sewell's amended complaint was originally numbered "Count III" in his original complaint (D.I. 1).

over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3. **Standards**. In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), a court "may properly consider the relevant entirety of a document integral to or expressly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d Cir. 1999).

4. A plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief."[5] *Robinson*, 107 F.3d at 1020 (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). The test for exhaustion of administrative remedies is "whether the acts alleged in the subsequent . . . suit are fairly within the scope of the prior EEOC complaint, or the EEOC investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (citation omitted); *see also Ostapowicz v. John Bronze Company*, 541 F.2d 394, 398 (3d Cir. 1976) (finding that an exhaustion of administrative remedies generally requires that "the parameters of the civil action . . . are defined by the scope of the EEOC investigation which can reasonably be expected

[5] "The purposes of the exhaustion requirement are to promote administrative efficiency, respect executive autonomy by allowing an agency the opportunity to correct its own errors, provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (quotations omitted).

to grow out of the charge of discrimination").

5. In order to state a prima facie case of retaliation under Title VII, a plaintiff must demonstrate that: "(1) []he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against h[im]; and (3) there was a causal connection between h[is] participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation omitted). The same three elements are required to establish a prima facie case of retaliation under the ADA (except that the first element requires the employee activity to be protected by the ADA, not Title VII). *See Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2000) (citation omitted). Thus, regardless of whether a claim of retaliation is being brought under Title VII or the ADA, a plaintiff must show that he engaged in protected activity which caused the adverse employment action in order to state a prima facie case.

6. **Discussion**. Hertrich contends that the court should dismiss Count IV of the amended complaint because the language in Sewell's Charge of Discrimination did not make out a claim for retaliation and, therefore, Sewell did not exhaust administrative remedies. (D.I.15 at 2) Sewell asserts that the factual statements in his Charge of Discrimination fairly presented his retaliation claims. (D.I. 14 at 6-7)

7. On the form for filing his Charge of Discrimination, Sewell checked boxes indicating discrimination based on national origin, race, and disability. (D.I. 6, ex. B) However, on the same form, Sewell failed to check the box indicating discrimination based on retaliation. (*Id.*) The parties do not dispute this fact. (D.I. 14 at 4)

8. Sewell's statement of allegations in the Charge of Discrimination, in relevant part, read:

> Charging Party states that Respondent's managers and employees made derogatory remarks about his disability and would sneak up behind him and tease him. Charging Party asked them to stop and the detail manager, Daryl (black, American), said 'you stupid monkey, why did you even come here' referencing Charging Party's National Origin.[6]

(D.I. 6, ex. B) Nowhere in these allegations does Sewell mention that he complained of discrimination and harassment prior to his discharge. As Sewell himself admits in the Charge of Discrimination, he "did not report the matter in that he felt it would be futile to do so." (*Id.*)

9. While "there is no hard and fast rule" in determining whether activity is protected, the court should look to opposition conduct by the employee that conveyed a message to the employer regarding alleged discrimination. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130, 135 (3d Cir. 2006). Sewell failed to complain to Hertrich about the alleged discrimination prior to being terminated; therefore, there is no protected activity against which Hertrich could have retaliated.[7] Because Sewell failed to check the "retaliation" box on his Charge of Discrimination and did not allege any protected activity therein, he failed to exhaust administrative remedies for his retaliation claim against Hertrich.

---

[6] Hertrich does not dispute that the language in the Charge of Discrimination supports Sewell's claims of discrimination based on national origin, race, and disability. (D.I. 15 at 2)

[7] The formal charge lodged by Sewell with the DDOL and EEOC cannot itself constitute protected activity either, as Sewell filed the Charge of Discrimination after the adverse employment action against him.

10. **Conclusion**. The court finds that Sewell did not lodge a substantive claim of retaliation before the DDOL and EEOC and, accordingly, failed to exhaust administrative remedies regarding his claim of retaliation. For the foregoing reasons, the court grants Hertrich's motion to dismiss "Count IV" of the amended complaint.

United States District Judge