IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALFRED SEWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>HERTRICH INVESTMENTS, LTD<br>d/b/a Hertrich's Capitol,<br><br>        Defendant. | Civ. No. 09-988-SLR |

## MEMORANDUM ORDER

At Wilmington this 18th day of November, 2011, having reviewed plaintiff's motion filed pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60(a), and defendant's response thereto;

IT IS ORDERED that plaintiff's motion (D.I. 76) is granted, as follows:

1. **Background.** On December 23, 2009, Alfred Sewell ("plaintiff") filed suit against Hetrich Investments, LTD ("defendant") alleging employment discrimination. (D.I. 1) Defendant filed a motion for summary judgment on June 30, 2011. (D.I. 53) The claims addressed through the summary judgment motion practice included: (1) Title VII, 42 U.S.C. § 2000(e) et seq. ("Title VII") disparate treatment and hostile work environment claims based upon race and national origin; (2) 42 U.S.C. § 1981 ("§ 1981") disparate treatment and hostile work environment claims based upon race and national origin; and (3) Title IV of the Americans With Disabilities Act, 42 U.S.C. 12112(a) ("ADA") disparate treatment and hostile work environment claims based upon

plaintiff's hearing disability. Having reviewed the parties' summary judgment submissions, the court issued a November 10, 2011 memorandum opinion and order which granted summary judgment for the defendant on the Title VII and ADA disparate treatment claims and denied summary judgment on a hostile work environment claim under § 1981. Plaintiff argues through his motion that he should be permitted to move forward on hostile work environment claims under not only § 1981, but also Title VII and the ADA. (D.I. 76)

2. **Standard.** Under Fed. R. Civ. P. 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

3. **Discussion.** Plaintiff argues that the court made an error with respect to its interpretation of what claims were originally pled, argued and, thus, should move forward to trial. I agree.

4. Plaintiff's complaint and the parties' summary judgment briefs acknowledge that the hostile work environment claims are proceeding under § 1981 and Title VII based upon race and national origin harassment. (D.I. 54 at 15); (D.I. 59 at 16) Plaintiff's hostile work environment claims, therefore, have been proceeding under both statutes.

5. Defendant provided no objection to plaintiff's moving forward on a § 1981 hostile work environment claim premised on race **and national origin** harassment. I note, however, that § 1981 does not provide a remedy for a plaintiff discriminated against solely on the basis of his or her national origin. *See e.g. Broom v. Saints John*

2

*Neumann & Maria Goretti Catholic High Sch.,* 722 F. Supp. 2d 626, 631 (E.D. Pa. 2010).[1] Because the record evidences only instances of national origin and disability harassment (without reference to racially-based harassment), the § 1981 claim may not proceed to trial.

6. Unlike § 1981, Title VII specifically prohibits discrimination on the basis of race and/or national origin (along with other categories not at issue in this case).[2] Plaintiff's Title VII hostile work environment claim can move forward to trial on the basis of the alleged national origin discrimination found in the record.

7. With respect to plaintiff's hostile work environment claim under the ADA, plaintiff's amended complaint does allege a hostile work environment claim based upon disability harassment. (D.I. 13 at 12; 35) Both parties, in the hostile work environment sections of their summary judgment briefs, discuss plaintiff's hearing disability as if it

---

[1] Section 1981 provides: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). "Although § 1981 does not itself use the word 'race,' the [Supreme] Court has construed the section to forbid . . . 'racial' discrimination." *Saint Francis College v. Al-Khazraji,* 481 U.S. 604, 609 (1987). And while the Third Circuit has not explicitly ruled on the applicability of § 1981 to claims of national origin discrimination, the vast majority of district courts have found that § 1981 does not provide a remedy for a plaintiff discriminated against solely on the basis of his or her national origin. *See e.g. Bahar v. Northwestern Human Servs.,* Civ. No. 06-CV-3910, 2007 WL 320256, at *5 (E.D. Pa. Jan. 30, 2007); *Funayama v. Nichia America Corp.,* Civ. No. 08-5599, 2009 WL 1437656, at *4 (E.D. Pa. May 21, 2009).

[2] Title VII provides, in pertinent part, that it shall be unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2.

3

were a part of the claim. (D.I. 54 at 16; D.I. 59 at 17). While it was originally unclear whether plaintiff was proceeding on a hostile work environment claim under the ADA, I am inclined to let plaintiff proceed to trial on this claim. To the extent that defendant argues that the Third Circuit has never explicitly held that a hostile work environment claim may proceed under the ADA, other circuits have affirmed the existence of such a claim, see e.g. Fox. v. General Motors Corp., 247 F.3d 169, 176 (4th Cir. 2001), and district courts in this circuit uniformity cite to Walton v. Mental Health Ass'n of Southeastern Pennsylvania, 168 F.3d 661 (3rd Cir. 1999) in support of the proposition that hostile work environment claims may proceed under the ADA. See e.g. Simonetti v. Runyon, Civ. No. A.98-2128, 2000 WL 1133066, at *7 (D.N.J. Aug. 7, 2000).

8. **Conclusion.** For the reasons discussed, plaintiff may proceed to trial on hostile work environment claims under Title VII (based upon the evidence of national origin harassment found in the record) and the ADA (based upon the evidence of disability harassment found in the record).[3]

United States District Judge

---

[3] To the extent that a disparate treatment claim was made under § 1981, summary judgment is granted for the defense.